The opinion of the court was delivered by
Spencer, J.
The defendant was convicted on an information which charged that “he did, with force and arms, in the night-time, and with intent to kill, feloniously break and enter the dwelling-house of William Howard.”
The questions presented for decision are:
1.Can that offense be prosecuted by information?
2.Is it necessary that the breaking and entering be charged to have been “burglariously” as well as “feloniously” done, and-must the bill contain the negative averments “without being armed,” “without assaulting,” etc., mentioned in section 851 R. S. ?
3.Must the indictment set out the name of the person whom the burglar intended to kill, and aver that such person was then and there lawfully in the house?
*1254 First — The charge is under section 851 R. S., and the offense is not capital. It may, therefore, be prosecuted by information. R. S. 977.
Second — The crime of burglary known to our law is statutory. The statute defines it, and we must, therefore, look to the statute to ascertain the essential averments of the indictment.
The 851st section says : “ Whoever, with intent to kill * * shall, in the night-time, break and enter * * * a dwelling-house, without being armed with a dangerous weapon * * * and without committing an assault upon any person lawfully being in such house, * * * on conviction shall be imprisoned at hard, labor, etc.”
The information charges that the accused “ did feloniously break, etc.,” but does not add “without being armed, and without committing-an assault upon any person lawfully being in said house.”
We take these words “without being armed, etc.,” as being used simply to emphasize the difference between the offense denounced in section 851 and that denounced in section 850. That to charge that one did “break and enter” a dwelling, without adding that he did so “armed with a dangerous -weapon,” is the same as to say he did so “without-being armed.” In other words, the absence of allegation that he was armed is equivalent to an averment that he was not armed; and an acquittal or conviction under the charge in this case would be a good bar to a subsequent indictment for the same breaking and entering, with the added averment that he was not armed.
It is urged that it is not sufficient to charge that the act was “feloniously” done; that the charge should also be that it was “burglariously ” done; and we are referred to the authorities showing that at common law such an averment is necessary in an indictment for burglary. As we have seen, the crime of burglary at common law is not known to us by name, as are “ murder,” “ manslaughter,” " rape,” “ robbery,” etc. Our statute itself defines what would at common law be the crime of burglary, and thereby withdraws it from the common-law definitions-It is sufficient to charge in the language of the statute, and that the offense has been committed “ feloniously,” since it is now well settled ¡that it is necessary to charge the commission of all felonies, whether common-law or statutory, as “ feloniously ” done. See Whar. Crim. Law, sec. 399 ; 29 A. 602.
Third — Under the view we have taken of the uses and purposes of the words “ without being armed,” “ without assaulting any person lawfully in the house, etc.,” it can not be necessary in a prosecution under sec. 851 to aver that any one was at the time “ lawfully in the house; ”■ for in this section those words are only employed as qualifying .the word “ assault,” and, therefore, where no assault is charged they are not *1255 necessary. We apprehend that under sec. 850 it would be necessary to charge that there was some person lawfully in the house at the time of breaking and entering, for that is one of the conditions upon the existence of which the penalty of death is denounced under that section.
We do not think it necessary under sec. 851 to designate the individual upon whom the offender sought to commit the felonies named in the sections.
We see no error in the sentence and decree appealed from, and they are affirmed.